Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-10-00578-CR

Michael **LEAGUE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-1503-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 12, 2011

AFFIRMED

A jury convicted appellant, Michael League, of injury to a child by recklessness with a

deadly weapon and sentenced him to confinement for twenty years.  We affirm.

### BACKGROUND

Appellant admitted that on April 10, 2007, he shook his girlfriend's twenty-five-day-old

infant daughter, K.B., crushed her against his chest, and tossed her on an ottoman.  When

appellant's girlfriend found K.B. struggling to breathe, she called an ambulance.  Doctors

subsequently declared K.B. brain-dead and removed her from life support. She passed away at twenty-seven days old.

During appellant's trial for the injuries he caused K.B., appellant argued that K.B. was a sickly child and that there was no evidence that he caused her fatal injuries. The State called Bexar County medical examiner and forensic pathologist, Dr. Rajesh Kannan, who performed K.B.'s forensic autopsy. During the State's direct examination, Dr. Kannan testified he observed a two-centimeter contusion (a bruise) on the top of K.B.'s right ear. Dr. Kannan explained that bruising on an infant under thirty days old is significant because newborn infants are basically immobile and cannot roll over on their own. According to Dr. Kannan, bruising on a newborn infant indicates trauma:

> Q. [by the State] Okay, and because that baby can't move or fall down or something like that, how would that trauma normally be inflicted to a child this age?
>
> [Defense counsel]: Objection, your Honor. I think we're maybe getting outside the—
>
> THE COURT: Do you have an objection?
>
> [Defense counsel]: I believe—
>
> THE COURT: What is your objection?
>
> [Defense Counsel]: We're getting outside the expertise of Doctor Kannan; calls for speculation.
>
> THE COURT: Overruled.
>
> Q. [by the State] How would this kind of trauma normally be inflicted to a child that's immobile?
>
> A. [by Dr. Kannan] This type of trauma could happen by striking a hard and flat surface to the body.

Dr. Kannan attributed K.B.'s death to "injury to the head, . . . including the skull and brain."

**DISCUSSION**

In his sole issue on appeal, appellant argues the trial court erred by permitting Dr. Kannan to testify regarding how trauma normally would be inflicted on a newborn infant because his testimony went to an ultimate issue of fact (whether and how appellant caused K.B.'s injuries) and constituted improper speculation beyond his area of expertise. We disagree.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. The trial court has broad discretion in determining whether a witness is sufficiently qualified to assist the jury as an expert on a specific topic. *Rodgers v. State*, 205 S.W.3d 525, 527–28 (Tex. Crim. App. 2006). If an expert opinion is otherwise admissible, it "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." TEX. R. EVID. 704. We review the trial court's decision to admit or exclude expert testimony for abuse of discretion. *Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006). We will not disturb the trial court's decision unless it is outside the zone of reasonable disagreement. *Gallo v. State*, 239 S.W.3d 757, 765 (Tex. Crim. App. 2007).

Here, Dr. Kannan testified he graduated from medical school, spent four years as a resident in pathology, received additional training in forensic pathology, and is board-certified in anatomic pathology and forensic pathology. Dr. Kannan testified he has performed about six hundred forensic autopsies, in which he was tasked with determining cause and manner of death and with interpreting injuries. In this case, Dr. Kannan explained that newborn infants under thirty days old "just lay" and are not able to roll over or move themselves into other positions.

He stated that in his experience, bruising on an otherwise immobile, newborn infant indicates that the infant sustained trauma caused "by striking a hard and flat surface to the body."

In essence, Dr. Kannan testified that K.B.'s injuries were not self-inflicted, but rather were caused either by striking a hard surface or being struck by a hard object. His determination was based on his medical expertise, his past experience conducting approximately six hundred forensic autopsies, and his examination of K.B. The circumstances under which K.B. might sustain her injuries involved scientific, technical, or other specialized knowledge, and Dr. Kannan's testimony assisted the jury in understanding the evidence and determining a fact at issue. *See Cordero v. State*, 297 S.W.2d 174, 176–77 (Tex. Crim. App. 1956) (stating doctor's testimony regarding possible causes of injuries was helpful to jury); *Martin v. State*, 246 S.W.3d 246, 259 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding doctor's testimony regarding whether injuries were intentional or accidental was helpful to jury); *Henderson v. State*, 77 S.W.3d 321, 325 (Tex. App.—Fort Worth 2002, no pet.) (concluding doctor's testimony regarding forces necessary to cause child's head injury was helpful to jury). Therefore, based on Dr. Kannan's knowledge, skill, experience, training, and education, we conclude the trial court did not abuse its discretion by permitting Dr. Kannan's testimony.

## CONCLUSION

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish